UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS D. DUMAS,<br><br>                Plaintiffs,<br><br>       v.<br><br>DEPARTMENT OF MOTOR VEHICLES,<br>et al.,<br><br>                Defendants. | No.  2:19-cv-383-MCE-EFB PS<br><br><br>ORDER |

      Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His

declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 3.

Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

      Determining that plaintiff may proceed *in forma pauperis* does not complete the required

inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

below, plaintiff's complaint must be dismissed for failure to state a claim.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

[2] More recently, plaintiff has filed a motion seeking to redact specific sections of his complaint.  ECF No. 4.  Essentially, he seeks an order sealing portions of his complaint.  But

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's allegations are difficult to follow. He appears to be attempting to assert unspecified claims against multiple defendants that are insufficiently related to join in as single action, if related at all. The form complaint lists six defendants: Department of Motor Vehicles, United States Postal Service, "Banking Regulation Authorities," the California Court of Appeal for the Third District, United States District Court for the Eastern District of California, and the U.S. Department of Health and Human Services. ECF No. 1 at 2-4. Plaintiff alleges that the

---

plaintiff has not complied with Local Rule 141, nor has he demonstrated that any information in his complaint should be withheld from the public. Furthermore, the court's independent review of the complaint failed to reveal the presence of sensitive or confidential information. Accordingly, plaintiff's request for a sealing order (ECF No. 4) is denied.

1  DMV office in Lodi, California, refused to "accept form 'DMV DL-933,' a secured document, as

2  completed by Galt Department of Health and Human Services." ECF No. 1 at 7. Instead, DMV

3  and DHHS employees apparently suggested plaintiff submit a form misstating that he resided at

4  the address of a friend or family member. *Id.* Plaintiff rejected that suggestion, which he

5  characterizes as document tampering, and instead utilized the address of a homeless shelter. *Id.*

6  Although not entirely clear, it appears that plaintiff believes the refusal to accept the DL-933 form

7  precluded him from obtaining a "Real ID." *Id.* at 6-7.

8          Plaintiff then alleges that he attempted to use the DL-933 form to request a P.O. box from

9  the United States Postal Service, but that request was denied. *Id.* at 7. He claims that the lack of

10  a P.O. box has resulted in a delay in receiving his mail, which has impacted his legal cases. *Id.*

11  Plaintiff also claims that he has tried to obtain a safety deposit box—which he seeks for the "safe

12  storage of evidence"—but several banks have denied his request, citing to the Patriot Act. *Id.*

13  Lastly, plaintiff complains that he has not been able to electronically file documents with this

14  court, although no request to file documents electronically has been filed in this action. *See* E.D.

15  Cal. L.R 133(b)(2) ("Any person appearing pro se may not utilize electronic filing except with the

16  permission of the assigned Judge or Magistrate Judge.").

17          The complaint's allegations fail to state a claim upon which relief may be granted.

18  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

19  and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*,

20  733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity

21  complaint's overt acts which defendants engaged in that support plaintiff's claim. *Id.* The

22  allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed.

23  R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of*

24  *Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff's complaint does not identify any

25  specific cause of action, nor does it identify the specific statute defendants purportedly violated.

26  It is also is not clear from plaintiff's allegations what specific claim(s) he seeks to allege.

27          Furthermore, it appears that the various events described in the complaint are, at most,

28  only tangentially related. Thus, it appears that plaintiff seeks to assert unrelated claims against

3

multiple defendants, which is not permitted under the Federal Rules of Civil Procedure. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . .").

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any such complaint must allege a cognizable legal theory and sufficient facts to in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. It shall also plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

/////

4

1    Accordingly, IT IS ORDERED that:

2        1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

3        2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

4        3. Plaintiff is granted thirty days from the date of service of this order to file an amended

5    complaint. The amended complaint must bear the docket number assigned to this case and must

6    be labeled "First Amended Complaint." Failure to timely file an amended complaint in

7    accordance with this order will result in a recommendation this action be dismissed.

8        4. Plaintiff's "Motion to Redact & Seal" (ECF No. 4) is denied.

9    DATED: February 19, 2020.

10   _____
     EDMUND F. BRENNAN
11   UNITED STATES MAGISTRATE JUDGE